# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>Umpierre-Santiago et al<br><br>**Defendants** | **CASE NOS. 15-640, 15-781,<br>16-218, 16-280 (RAM)** |

## ORDER REGARDING FINAL PRETRIAL CONFERENCE

### I. DELIVERABLES FOR THE FINAL PRETRIAL CONFERENCE

The final pretrial conference in this matter has been set for **July 14, 2022 at 10:00 AM.** By **July 7, 2022,** the parties shall file the following:

1. **Agreed statement of the case**: Counsel for the parties shall confer and agree upon a concise written statement describing the case in an impartial, easily understood manner and submit it to the Court to be read to the jury panel during *voir dire*.

2. **Witness lists:** Counsel shall provide to the Court, not exchange, separate lists identifying the witnesses who will be called to testify and witnesses who may be called to testify. The Court will read the names of witnesses on

these lists during jury selection. Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness.

3. **Exhibit Lists**: Counsel shall file separate lists of all exhibits the party will *definitely* use at trial (including demonstratives, summaries, or other specially prepared exhibits), which provides the following:

   a. the exhibit number for each document;
   b. the date of the document;
   c. a brief description of the document;
   d. whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objection (*e.g.*, Rule 403—undue prejudice or confusion; Rule 802—hearsay); and
   e. a concise statement of the asserted basis of admissibility if there is an objection.

**Note: There is no need to list every conceivable exhibit that can possibly be used. The parties should submit a list of trial exhibits they definitely intend to introduce. Exhibits not likely to be used need not be listed. If, due to unforeseen circumstances during trial a party wishes to introduce an exhibit not previously listed, notice should be given as soon as possible to the opposing side and to the Court so that any objections can be discussed. Absent abuse of this process, an exhibit will not be deemed**

**inadmissible simply because it was not included on the original exhibit list, provided the exhibit/document was produced to opposing counsel during discovery.**

   II.  **MOTIONS**

1. Any Change of Plea Motion is due by **March 31, 2022**. If a Defendant subsequently moves for change of plea, the Court will consider declining to deduct points for acceptance of responsibility.

2. Any Pretrial Motions are due by **April 8, 2022**.

   III. **TOPICS TO BE DISCUSSED AT THE FINAL PRETRIAL CONFERENCE**

Counsel shall be prepared to discuss the following topics at the final pretrial conference:

1. Statement of the case;
2. Motions *in limine* and other evidentiary matters;
3. Exhibits;
4. Demonstrative exhibits including any timelines;
5. Preliminary instructions to the jury; and
6. Objections.

   IV. **PROPOSED *VOIR DIRE* AND JURY INSTRUCTIONS**

The basic *voir* dire questions and jury instructions are prepared by the Court. The parties shall not submit proposed instructions of the type that are ordinarily used in every case ("boilerplate"), unless directed to do so. They shall submit only special questions, instructions, or wording that they

believe necessary for the specific facts of their case. Instructions should be carefully reviewed prior to submission. One jury instruction for each specific point will suffice; more than one possible suggested jury instruction for each point should not be submitted. Differences in specific wording will be resolved at the charge conference. To streamline and facilitate the compilation of the instructions, the attorneys shall follow the requested format. Submissions not complying with these requirements will not be considered.

1. Any preliminary jury instructions shall be submitted with the proposed *voir dire* questions.
2. Each jury instruction shall appear on a separate page, and be numbered and identified as to the party, *e.g.* United States' Proposed Jury Instruction #1.
3. Each jury instruction shall have a caption identifying its contents, *e.g.* Interstate Commerce - Definition.
4. Each jury instruction shall be followed by a citation to a source consisting of either an accepted pattern book or supporting case law. Instructions taken from pattern books must be from the current edition and be identified by the year as well as the title.
5. All jury instructions supported by case law, treatises, articles, and the like shall include as an addendum photocopies of the complete cases or materials cited in

the jury instruction. Each photocopy shall be identified as to which instruction number(s) it supports, and the specific section supporting each instruction should be either highlighted or marked with brackets. Copies of cases and materials should not be filed, but shall be delivered to Chambers, as indicated below.

Requested *voir dire* questions and jury instructions shall be filed no later than seven (7) days before trial. Two sets of working copies and one set of photocopies of supporting cases shall be delivered to chambers, in addition to the set filed.

**FAILURE TO TIMELY COMPLY WITH THE REQUIREMENTS OF THIS ORDER MAY RESULT IN WAIVER**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of February 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge